UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ETHEL WEISSMAN on behalf of herself and all other similarly situated consumers

Plaintiff,

-against-

REVENUE ASSISTANCE CORPORATION D/B/A REVENUE GROUP

Defendant.

CV-14 3275

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 27 2014 ★
LONG ISLAND OFFICE

SPATT, J.

LINDSAY, M

**CLASS ACTION COMPLAINT**

***Introduction***

1. Plaintiff Ethel Weissman seeks redress for the illegal practices of Revenue Assistance Corporation d/b/a Revenue Group in which it unlawfully engaged in the collection of consumer debts in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

***Parties***

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 15 U.S.C. § 1692(a)(3) of the FDCPA.

4. The alleged debt that Defendant sought to collect from the Plaintiff involves a consumer debt.

5. Upon information and belief, Defendant's principal place of business is located within Cleveland, Ohio.

6. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

7. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

***Jurisdiction and Venue***

8. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, within this district.

***Allegations Particular to Ethel Weissman***

10. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

11. On or about May 7, 2014, Defendant sent the Plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

12. Said letter states in pertinent part as follows: "All credit card and check by phone payments are subject to a $4.95 convenience fee."

13. The notification and collection of the $4.95 convenience fee is unlawful.

See e.g. Shami v. National Enter. Sys., 2010 WL 3824151 (E.D.N.Y. Sept.23, 2010) (The court concluded that the complaint sufficiently pleaded a cause of action for violation of §§ 1692f(1) and 1692e(2). The complaint involved a collection letter including the language ''you can now pay by automated phone system . . . or on the internet. Transaction fees will be charged if you use the automated phone system or the internet to make payment on this account. You are not required to use the automated

phone system or the internet to make payment on this account."), McCutcheon v. Finkelstein, Kern, Steinberg & Cunningham, 2012 WL 266893 (M.D. Tenn. Jan.30, 2012). (The plaintiff stated a viable FDCPA claim by alleging that the defendant collected or attempted to collect a $4.24 payment processing fee not expressly authorized by the agreement creating the debt.), *Quinteros v. MBI Assocs.*, 2014 U.S. Dist. LEXIS 27735 (E.D.N.Y. Feb. 27, 2014). (FDCPA violated by Collector's Fee to process payments by credit card, or checks over phone.)

14. Defendant's convenience fee demand is in violation of 15 U.S.C. §§ 1692e(2) and 1692f(1) for engaging in deceptive practices, by making a false representation that it was entitled to receive compensation for payment by credit card, or by collecting an amount that was not authorized by contract or permitted by law.

**AS AND FOR A FIRST CAUSE OF ACTION**

***Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of herself and the members of a class, as against the Defendant.***

15. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through fourteen (14) as if set forth fully in this cause of action.

16. This cause of action is brought on behalf of Plaintiff and the members of a class.

17. The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter bearing the Defendant's letterhead in substantially the same form as the letter sent to the Plaintiff on or about May 7, 2014, sent within one year prior to the date of the within complaint; (a) the collection letter was sent to a consumer seeking payment of a consumer debt purportedly owed to Cleveland Clinic Physicians; and (b) the collection letter was not returned by the postal service as undelivered; (c) and the Plaintiff asserts that the letter contained violations of

15 U.S.C. §§ 1692e(2) and 1692f(1) for making a false representation that it was entitled to receive compensation for payment by credit card or check by phone.

18. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(a) Based on the fact that a form collection letter is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

(b) There are questions of law and fact common to the class and these questions predominate over any question(s) affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

(c) The only individual issue involves the identification of the consumers who received such collection letters, (*i.e.* the class members). This is purely a matter capable of ministerial determination from the records of the Defendant.

(d) The claims of the Plaintiff are typical of those of the class members. All of the respective class claims are based on substantially similar facts and legal theories.

(e) The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

19. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class

action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

20. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

21. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

***Violations of the Fair Debt Collection Practices Act***

22. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

23. Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in her favor and against the Defendant and award damages as follows:

(a) Statutory and actual damages provided under the FDCPA, 15 U.S.C. § 1692(k); And

(b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c) Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
May 22, 2014

Adam J. Fishbein, P.C. (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

Adam J. Fishbein (AF-9508)

RevenueGroup
4780 Hinckley Industrial Parkway, Suite 200
Cleveland OH 44109

*Toll Free: 800-867-5123*
*Fax: (216) 763-2152*

# COLLECTION NOTICE

| Reference | Creditor | Account Number | Service Date | Balance |
|---|---|---|---|---|
| 81062136 | CLEVELAND CLINIC PHYSICIANS | 72930622001 | 01/29/2014 | $37.50 |

| The accounts listed above have been referred to our office for collections. We urge you to send payment in full or contact this office at 800-867-5123. | AMOUNT DUE: | $37.50 |
|---|---|---|

**Payments can be made online at www.revenuegroup.com**

Your access code for online payments: 1.13486791.81062136.975

**THIS IS AN ATTEMPT TO COLLECT A DEBT.**
**ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

**PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION**

To ensure proper credit, enclose the bottom portion of this letter with your payment in the enclosed envelope. All credit card and check by phone payments are subject to a $4.95 convenience fee.

If you need help paying your medical bills, call 1-877-646-6988 and ask about Cleveland Clinic's financial assistance program.

IONCAPI013000

***Detach Lower Portion and Return with Payment***

PO Box 93983
Cleveland OH 44101-5983
ADDRESS SERVICE REQUESTED

| Reference #: | 81062136 |
|---|---|
| Amount: | $37.50 |

ACA INTERNATIONAL
The Association of Credit and Collection Professionals

May 7, 2014

81062136-3000 304747541

****PERSONAL & CONFIDENTIAL****
ETHEL WEISSMAN
703 Carlyle St
Woodmere NY 11598-2917

**REVENUE GROUP**
PO Box 93983
Cleveland OH 44101-5983

| FILL OUT BELOW FOR CREDIT CARD PAYMENTS. | |
|---|---|
| CARD NUMBER PLUS 3 DIGIT SECURITY CODE (on back of card) | EXP. DATE / |
| CARDHOLDER NAME | AMOUNT $ |
| CARDHOLDER SIGNATURE | |

# IMPORTANT INFORMATION ABOUT YOUR DEBT

We are required under certain applicable laws to notify consumers of the following rights. This list does not contain a complete list of the rights consumers have under federal and state law.

***IMPORTANT CONSUMER NOTICE***

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

**The state of California requires that we disclose the following for California residents:**
The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8a.m. or after 9p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

**The state of Colorado requires that we disclose the following for Colorado residents:**
A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt. FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.COLORADOATTORNEYGENERAL.GOV/CA. Payments can be made in person at: Colorado Manager, Inc., 80 Garden Center, Suite 3, Broomfield, Colorado 80020. Phone 1-303-920-4763.

**The state of Maine requires that we disclose the following for Maine residents:**
Hours of operation: Monday thru Thursday 8:00a.m. – 8:00p.m. Friday 8:00a.m. – 5:00p.m.

**The city of New York requires that we disclose the following for New York City residents:**
New York City Department of Consumer Affairs License Number 1143644

If you are entitled to the protections of the United States Bankruptcy Code (11 U.S.C 362;524) regarding the subject matter of this communication, the following applies to you: THIS COMMUNICATION IS NOT AN ATTEMPT TO COLLECT, ASSESS, OR RECOVER A CLAIM IN VIOLATION OF THE BANKRUPTCY CODE AND IS FOR INFORMATIONAL PURPOSES ONLY.

**The state of Minnesota requires that we disclose the following for Minnesota residents:**
This collection agency is licensed by the Minnesota Department of Commerce.

**The state of Wisconsin requires that we disclose the following for Wisconsin residents:**
This collection agency is licensed by the Division of Banking in the Wisconsin Department of Financial Institutions, www.wdfi.org.

**If you have medical coverage for the above charges, please contact our office.**